COMMONWEALTH vs. JOSEPH DAVIS.

Hampden.   February 5, 1975. — April 16, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Speedy Trial.   Waiver.*

A defendant charged with murder who was represented by counsel
   throughout a delay in trial resulting in acquittal 423 days after
   indictment and confinement but who made no motion under
   G. L. c. 277, § 72, to be bailed, or motion for a speedy trial,
   impliedly consented to the delay, and was not entitled under § 73
   to compensation for confinement. [422-424]

PETITION for compensation filed in the Superior Court
on March 20, 1973.

The case was reported by *Brogna,* J., to the Appeals
Court.   The Supreme Judicial Court, on its own
initiative, ordered direct review.

*Daniel E. O'Malley,* Special Assistant District Attorney
(*John T. McDonough* with him) for the Commonwealth.

*Ellio C. Belluci* for the defendant.

*Francis X. Bellotti,* Attorney General, *John J. Irwin,
Jr.,* & *Robert V. Greco,* Assistant Attorneys General, for
the Attorney General, as amicus curiae, submitted a brief.

REARDON, J.  The defendant petitioned for compensa-
tion under G. L. c. 277, § 73.  A Superior Court judge
after hearing his petition made findings and rulings and
reported the matter here.  The defendant had been
arrested on December 4, 1971, and was indicted for
murder on January 19, 1972.  He was thereafter
confined awaiting trial and during the trial, which
commenced on March 12, 1973, and terminated in his
acquittal on March 16, 1973.  He spent 423 days in jail
from the time of his indictment to his acquittal.[1]  From

---

[1] There was an erroneous calculation in the court below that the
defendant had spent 426 days in jail from indictment to acquittal.

the date of indictment to July 19, 1972, a six-month period, 183 days elapsed. He was thus confined 240 days more than six months after having been indicted. The judge found that the delay in trial was not at his request or that of his attorney, and that there was "no activity of any nature on the case until early 1973." He also found that he never made a motion to be bailed under G. L. c. 277, § 72, and that his failure to move for a speedy trial amounted to an implied consent on his part to the delay in trial. The defendant's request for compensation was denied.

There was no error. This is the first time in which G. L. c. 277, § 73, has received attention. By its terms § 73 applies only "if the delay in trial was not . . . with . . . [the defendant's] consent . . . or with the consent of his attorney of record." We agree with the judge that such consent can be implied from inaction. "[T]he failure to demand prompt trial implies a waiver of the right thereto." *Commonwealth* v. *Hanley,* 337 Mass. 384, 388 (1958). *Commonwealth* v. *Marsh,* 354 Mass. 713, 715-718 (1968). *Commonwealth* v. *Lauria,* 359 Mass. 168, 170 (1971). More recent cases departing from the strict demand-waiver rule are concerned with the deprivation of a defendant's constitutional right by the failure to afford him a speedy trial. *Commonwealth* v. *Horne,* 362 Mass. 738, 741-743 (1973). *Commonwealth* v. *Gove,* 366 Mass. 351, 363 (1974). *Barker* v. *Wingo,* 407 U. S. 514, 528 (1972). We do not believe that the right under the statute we construe, which is legislative, stands on a footing equal to the constitutional speedy trial right. Rather, the right is similar to that provided in G. L. c. 277, § 72, which assures one held in custody either a speedy trial or bail on his own recognizance "if he requires it," that is, if a proper demand is made. *Commonwealth* v. *Hanley, supra,* at 387-388. *Commonwealth* v. *Marsh, supra,* at 716. Further, it is significant here that the defendant was represented by counsel throughout the delay, who filed a flurry of

pre-trial motions but failed to move for a speedy trial. Cf. *Commonwealth* v. *Marsh, supra,* at 717, n. 5. As was noted in *Barker* v. *Wingo,* 407 U. S. at 521 (1972), "Delay is not an uncommon defense tactic." We conclude that in this instance the defendant, having impliedly consented to the delay in trial, cannot now be compensated under the statute. It follows that the petition is to be dismissed.

*So ordered.*