COMMONWEALTH *vs*. WILLIAM BUNTING.

Suffolk.  December 7, 1987. — February 11, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Speedy trial, Compensation of defendant acquitted or discharged, Collateral estoppel. *Res Judicata.*

In the case of a criminal defendant seeking compensation from the Commonwealth under G. L. c. 277, § 73, following dismissal of the indictments against him pursuant to the speedy trial provisions of Mass. R. Crim. P. 36 (b) (1), the judge correctly ruled that recovery was barred by the defendant's implied consent, as shown by his failure either to object to the Commonwealth's delay or to press for a speedy trial. [690-691]

A criminal defendant, whose motion to dismiss indictments against him was allowed pursuant to the speedy trial provisions of Mass. R. Crim. P. 36 (b) (1), was not entitled to rely, in his claim for compensation under G. L. c. 277, § 73, on the doctrine of issue preclusion to prevent the prosecution from relitigating at the compensation proceeding the issue of the defendant's consent to the delay in the trial of the indictments, where the prosecution's failure to carry its burden of justifying the delay in the rule 36 proceeding did not establish the issue of the defendant's lack of consent in favor of the defendant, who had the burden of proof in the compensation proceeding. [691-692]

INDICTMENTS found and returned in the Superior Court Department on September 11, 1981.

After dismissal of the indictments, a motion for compensation under G. L. c. 277, § 73, was heard by *Guy Volterra*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John F. Palmer* for the defendant.

*Laura J. Callahan*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The sole issue on appeal is whether the defendant is entitled to compensation pursuant to G. L. c. 277, § 73,[1]

[1] The statute provides in relevant part: "Any person in the commonwealth kept in confinement awaiting trial for more than six months after having been

because the charges against him were dismissed pursuant to Mass. R. Crim. P. 36, 378 Mass. 909 (1979).[2] A Superior Court judge determined that the defendant was not entitled to such compensation. The defendant appealed. We transferred the case on our own motion. We affirm.

We summarize the facts. In September, 1981, a Suffolk County grand jury returned indictments against the defendant.[3] On October 8, 1981, the defendant was defaulted. On May 27, 1982, the defendant filed a motion for a speedy trial, and on June 1, 1982, he was arraigned. At the arraignment, a pretrial conference report was ordered to be filed for June 21, 1982. The report was filed on June 25, 1982, and, for the next eleven months, the case was continued either at the defendant's request or by agreement between the defendant and the Commonwealth.

On May 17, 1983, both parties answered ready for trial, and the case was sent to a trial session. No trial was held, and on June 29, 1983, the case was returned to the First Criminal Session for reassignment. The defendant lodged no objection to this delay, and neither the defendant nor the Commonwealth took any further action to secure a trial.

---

indicted, and finally acquitted or discharged without trial, *if the delay in trial was not at his request or with his consent, or at the request or with the consent of his attorney of record*, may receive compensation for the period of his confinement after the lapse of said six months and until his acquittal or discharge . . ." (emphasis added). G. L. c. 277, § 73 (1986 ed.).

[2] Rule 36 (b) (1) (C) provides in pertinent part: "A defendant . . . shall be brought to trial . . . within twelve months after the return day in the court in which the case is awaiting trial. . . . If a defendant is not brought to trial within the time limits of this subdivision . . . he shall be entitled upon motion to a dismissal of the charges." Subdivision (b) (2) of rule 36 defines periods to be excluded from calculation of the twelve months.

[3] The defendant was charged with armed robbery and several related crimes, none of which are relevant to the issues in this appeal. At the time of the indictments, the defendant already was incarcerated at the Deer Island house of correction for conviction in another case. He was held at Deer Island until the completion of his sentence in March, 1983. From that time, until his discharge in June, 1984, he was held at the Charles Street jail on the present indictments in lieu of bail.

Nearly a year later, on May 4, 1984, the case appeared on the Superior Court First Criminal Session list for "status," and was continued again for trial, this time over the defendant's objection. On May 29, 1984, the defendant moved for dismissal of the indictments under Mass. R. Crim. P. 36 (b) (1) for failure to be brought to trial within twelve months after his "return day" in court.[4] On June 22, 1984, after hearing, a Superior Court judge granted the defendant's motion to dismiss the indictments. The judge ruled that the period from June 1, 1982, to June 21, 1982, "tacked on to the period from May 17, 1983 to May 4, 1984 exceed[ed] the twelve-month period requirement for trial under Mass. R. Crim. P. 36 (b) (1) (C)."[5] The judge described as "not without merit" the Commonwealth's contention that the defendant's failure to object or move for trial from June, 1983, to May, 1984, constituted consent to delay during this period. He granted the defendant's motion, however, "because of the belated May 4, 1984 placing of the cases on the assignment list for 'status' rather than for trial and further because the District Attorney's office [had] notice of the June 29, 1983 return of the cases to the First Criminal Session."[6] In his memorandum and order, the judge also referred to "near chaotic conditions" in the processing of this case.

In March, 1986, the defendant moved for compensation pursuant to G. L. c. 277, § 73. After hearing, the Superior Court judge denied the application. The judge, who was not the same judge who granted the defendant's motion to dismiss,

---

[4] The "return day" is "the day upon which a defendant is ordered by summons to first appear or, if under arrest, does first appear before a court to answer to the charges against him, whichever is earlier." Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979). In this case, the return day was June 1, 1982.

[5] The judge excluded from his calculation the period from June, 1982, to May, 1983, because the case was continued during that time either at the request of the defendant or by agreement between the defendant and the Commonwealth. See Reporters' Notes to Mass. R. Crim. P. 36 (b) (2), Mass. Ann. Laws, Rules of Criminal Procedure at 527 (1979).

[6] The Commonwealth did not appeal from the dismissal. Thus, the correctness of the dismissal is not before us.

denied compensation under the statute because the defendant impliedly consented to delay of his trial by failing to object to the delay or to press for trial.

On appeal, the defendant argues that the doctrine of implied consent does not apply to § 73. In the alternative, he argues that the doctrine of issue preclusion bars the Commonwealth from relitigating the consent issue on an application for compensation under § 73. We reject both claims.

1. *Implied consent.* General Laws c. 277, § 73, expressly provides that a defendant who consents to delay is not entitled to compensation. See note 1, *supra.* A defendant's failure to object to delay and failure to press for trial constitutes implied consent to delay and bars recovery under § 73. *Commonwealth* v. *Graziano*, 385 Mass. 1011 (1982). *Commonwealth* v. *Davis*, 367 Mass. 422, 423-424 (1975). It is undisputed that the defendant raised no objections and filed no motion for trial between June, 1983, and May, 1984. The defendant filed his only motion for speedy trial in May, 1982. He then agreed to a year of continuances, followed by a year of inaction on his part. The judge determined: "[The defendant] knew full well that the clock was ticking toward midnight under Rule 36, and tactically decided to permit the Commonwealth to slumber. It was open to the defendant to rudely awake[n] the Commonwealth by filing a motion for speedy trial . . . or to otherwise demand his day in court. Defendant's tactics resulted in victory when his motion to dismiss pursuant to Mass. R. Crim. P. 36 was allowed. This victory however does not require compensation pursuant to G. L. c. 277, § 73 because he impliedly consented to the delay" (citations omitted). We agree. The judge properly ruled that recovery under § 73 was barred because of the defendant's implied consent to the delay.

Relying on *Barry* v. *Commonwealth*, 390 Mass. 285 (1983), the defendant asserts that rule 36 abrogates the doctrine of implied consent. This contention is totally unfounded. In *Barry*, we said, "application of 'traditional indicia of waiver of rights' is appropriate" under rule 36, and "[w]hen a defendant has agreed to a continuance or has not entered an objection to delay, he will be held to have acquiesced in the delay." *Id.* at

296, 298. We added: "If the rule is read to relieve defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide that delay is the best defense tactic." *Id.* at 296-297. The doctrine of implied consent applies under both Mass. R. Crim. P. 36 and G. L. c. 277, § 73.

2. *Issue preclusion.* We reject the defendant's argument that the doctrine of issue preclusion requires reversal in this case. To benefit from issue preclusion, the defendant must establish that the issue of fact the Commonwealth seeks to relitigate actually was litigated and determined in the defendant's favor in the prior proceeding, and that the determination of that issue was essential to the earlier decision. See, e.g., *Foster* v. *Evans,* 384 Mass. 687, 694-696 (1981); *Commonwealth* v. *Lopez,* 383 Mass. 497, 499 (1981); *Rudow* v. *Fogel,* 376 Mass. 587, 591-592 (1978); *McSorley* v. *Hancock,* 11 Mass. App. Ct. 563, 567-568 (1981); Restatement (Second) of Judgments § 27 (1982). See also *Home Owners Federal Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.,* 354 Mass. 448, 455 (1968) (issues "treated as essential" may be given preclusive effect). As the party invoking the doctrine, the defendant bears the burden of demonstrating that the principles of issue preclusion apply to his case. *Foster* v. *Evans, supra* at 695. *Commonwealth* v. *Lopez, supra* at 499. The defendant has failed to meet this burden.

Even if we read the record as establishing that the defendant *necessarily* prevailed on the issue of lack of consent to delay under rule 36,[7] the Commonwealth cannot be barred from reliti-

---

[7] We note that the record does not establish clearly that the dismissal under rule 36 was based on a finding of lack of consent to delay. In his memorandum and order of dismissal, the judge criticized the Commonwealth for placing the case on the assignment list for "status" rather than for trial in May, 1984. In addition, he commented on the Commonwealth's "near chaotic" handling of the prosecution. The judge also noted that the Commonwealth's contention that the defendant's inaction from June, 1983, to May, 1984, constituted consent was "not without merit." Because it is unclear whether the judge based his decision to dismiss on the defendant's lack of consent to delay, or instead on the Commonwealth's lax handling of the prosecution, see Mass. R. Crim. P. 36 (c), 378 Mass. 909 (1979), preclusion

gating this issue in a later proceeding under § 73 because of the difference in the allocation of the burden of proof. Under rule 36, the Commonwealth bears the burden of justifying delays beyond the period prescribed for trial. *Commonwealth* v. *Farris*, 390 Mass. 300, 304-305 (1983). *Barry* v. *Commonwealth, supra* at 291-292. *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980). See Reporters' Notes to Mass. R. Crim. P. 36, *supra* at 526. In contrast, under G. L. c. 277, § 73, a defendant seeking compensation must establish all the statutory elements necessary for relief, including lack of consent. Accord *Commonwealth* v. *Davis*, 367 Mass. 422, 423 (1975). "Failure of one party to carry the burden of persuasion on an issue [does] not establish the issue in favor of an adversary who otherwise would have the burden of persuasion on that issue in later litigation." 18 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 4422, at 212 (1981). See, e.g., *Steelmet, Inc.* v. *Caribe Towing Corp.*, 747 F.2d 689, 692-694 (11th Cir. 1984); *Worcester* v. *Commissioner*, 370 F.2d 713, 716-717 (1st Cir. 1966); Restatement (Second) of Judgments § 28 (4) & comment f.

*Order affirmed.*

---

as to the issue of consent is inappropriate in this litigation. See, e.g., *Russell* v. *Place*, 94 U.S. 606, 610 (1876); *Sweetheart Plastics, Inc.* v. *Illinois Tool Works, Inc.*, 439 F.2d 871, 873 (1st Cir. 1971). See also *Hooker* v. *Hubbard*, 102 Mass. 239, 245 (1869).