## COMMONWEALTH *vs.* DAVID F. SABOURIN.

No. 98-P-2004.

Hampden. December 13, 1999. - January 28, 2000.

Present: ARMSTRONG, SMITH, & BROWN, JJ.

*Motor Vehicle,* Operating under the influence. *Constitutional Law,* Breathalyzer test. *Search and Seizure,* Consent. *Evidence,* Breathalyzer test.

Where consent to take a breathalyzer test impliedly contemplated the taking of a valid test, consent carried over to a second test following an initial breathalyzer malfunction, in the absence of evidence that the accused withdrew consent before the second test was administered. [506-507]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on August 6, 1997.

A pretrial motion to suppress evidence was heard by *Fredric D. Rutberg,* J.

An application for interlocutory appeal was allowed by *John M. Greaney,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Bethany C. Lowe,* Assistant District Attorney, for the Commonwealth.

*Leonard B. Conway* for the defendant.

SMITH, J. On or about August 6, 1997, a two-count complaint issued from the Springfield Division of the District Court Department charging the defendant with a marked lane violation, and operating a motor vehicle while under the influence of liquor.

Prior to trial, the defendant filed a motion to suppress the results of a breathalyzer test on the ground that he did not consent to taking the test. A District Court judge allowed the motion. The Commonwealth's application for leave to appeal the decision to this court was allowed.

The agreed facts are that, on August 5, 1997, an Agawam police officer arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor. At the Agawam police station the defendant was advised of his statutory rights including the right to make a telephone call, to have an independent medical test, and to take a chemical breath test. The defendant was also advised that, if he refused to take a breathalyzer test, the Registry of Motor Vehicles would suspend his driver's license for 120 days, as opposed to a suspension of 90 days if he decided to take the test and failed it. The defendant consented, in writing, to take the breathalyzer test. After the defendant gave an appropriate sample of his breath, the breathalyzer machine malfunctioned in that it misread the calibration sample. Because of the malfunction, the police drove the defendant to the West Springfield police station where a breathalyzer test was administered. It is the results of that test that the judge ordered to be suppressed.

In allowing the suppression motion, the judge ruled that before the defendant took the West Springfield test, the Agawam police were required to inform him that because he took the test in Agawam, his license could no longer be suspended for 120 days if he refused to take the breathalyzer test in West Springfield. Therefore, because police failed to so inform the defendant, the judge ruled that the defendant's consent to take the West Springfield test was improperly obtained.

A breathalyzer test cannot be conducted without the consent of the defendant. G. L. c. 90, § 24(1)(e). *Commonwealth* v. *Davidson*, 27 Mass. App. Ct. 846, 848 (1989). Before his consent is obtained, the police must inform the arrested person that if he refuses to take such a test, his license will be suspended for 120 days. G. L. c. 90, § 24(1)(f)(1). *Luk* v. *Commonwealth*, 421 Mass. 415, 424-425 (1995). It is undisputed that the defendant did consent to taking the breathalyzer test in Agawam.

The allowance of the motion to suppress was error. The consent to take the test impliedly contemplates the taking of a valid test (one that would be admissible in court). *Commonwealth* v. *Davidson*, 27 Mass. App. Ct. at 849 ("The statute . . . contemplates the admission in evidence of breathalyzer test results that establish presumptively the inebriated condition of the suspect or, at least, the impairment of his faculties"). Because the machine malfunctioned at the Agawam police sta-

tion, the defendant had not taken a valid test, and his consent to take a breathalyzer test carried over to taking the second test. The fact that the second test took place in a different town is immaterial. Nothing in the record suggests that he had withdrawn his consent before that test was administered.

The order allowing the defendant's suppression motion is reversed and the case is remanded to the District Court for trial.

*So ordered.*