Josephson, Bertha D., J.

BACKGROUND

The defendant has moved to suppress the results of a breathalyzer test conducted on him on the date he was arrested in the instant case. After hearing, based on the credible evidence and the reasonable inferences that can be drawn therefrom, I make the findings of fact that follow.

FINDINGS OF FACT

On March 20, 2004, Easthampton, Massachusetts police arrested the defendant for driving while under the influence of alcohol. At the police station, Officer Dennis Scribner, a certified breathalyzer operator, properly informed the defendant of his rights, obtained a written consent to conduct a breath test and conducted a breath test of the defendant. The breathalyzer machine used was the Alcotest model used by police departments throughout Massachusetts. The machine was in good working order.
Officer Scribner complied with procedures set out by the Massachusetts Office of Alcohol testing in conducting the test. Accordingly, Officer Scribner had the defendant provide a first breath sample which resulted in a blood alcohol content reading of .20%. The machine was properly calibrated and a second sample was obtained from the defendant with a resulting reading of .17%. Because the second sample resulted in a reading that varied more than .02% from the first reading, the machine automatically prompted Officer Scribner to have the subject provide a third sample. Officer Scribner had the defendant provide a third sample without advising him of the results or advising him again of his rights concerning the breath test. The third resulting reading was .19%. Officer Scribner concluded the test and provided the defendant with a printout of results after all three samples were obtained and analyzed.
Both Officer Scribner and Nancy Bums, Director of the Office of Alcohol Testing for the Commonwealth, testified that all samples provided by the defendant were adequate samples. However, the second sample, while adequate, provided only 1.9 liters of air for 15.6 seconds compared with the first and third samples which each provided over three liters of air for more than twenty seconds. This disparity may account for the variance in the results.

DISCUSSION

The defendant argues that the breath test results should be suppressed on the grounds that the procedure did not comply with the provisions of G.L.c. 90, section 24K and 501 CMR 2.00 et seq. then in effect.[1] Specifically, the defendant argues that neither the statute nor the regulations contemplate more than two adequate breath samples being provided without the defendant being given the opportunity to consent to a new breath test and therefore the results should be suppressed. The Commonwealth maintains that the defendant is not entitled to have the results suppressed for failure to obtain the defendant’s consent for a new test, as the first two samples did not produce a valid test.
G.L.c. 90, section 24K directs the Secretary of Public Safety to promulgate mies and regulations establishing a uniform method of statewide testing and a training and certification program for test operators.[2] The officer followed the provisions of 501 CMR 2.56, insofar as he (1) administered the breath test in accordance with the operational procedure checklist for the breath testing device, (2) obtained and recorded the defendant’s consent to the test, and (3) followed the multipart procedure in sequence to obtain analy-ses of two adequate breath samples from the defendant separated by a calibration of the breath testing device. Despite following the proper procedures, the breath test proved to be invalid by reason of the two samples producing analyses discrepant by more than .02%. Pursuant to the last sentence of paragraph (2) of the regulation, the readings are invalid if the two subject analyses do not agree within +/- 0.02 blood alcohol content units. The regulation specifically provides that “... in the case of an invalid test that results from something other than the defendant’s failure to supply an adequate breath sample or otherwise to comply with any reasonable request by a certified operator that is necessary for the conduct of a breath test, the defendant shall be given an opportunity to consent to a new breath test.”
Where a malfunctioning of the testing device invalidates the results of a test, police are permitted to repeat the test without re-advising a defendant of the consequences of refusing consent. Commonwealth v. Sabourin, 48 Mass.App.Ct. 505, 506 (2000) “(CJonsent to take the test impliedly contemplates the taking of a *539 valid test." In Sabourin, because police were not able to conduct a valid breath test due a machine malfunction, the defendant was transported to a nearby police station where a proper functioning breathalyzer was available. The defendant argued that while he had consented to the initial breath test, he did not consent to the second test and should have been re-advised that he had the right to refuse without a resulting license loss. The court held that the defendant’s consent to the taking of a breath test implied consent to a valid breath test, meaning one that would be admissible in court.
Although, this is not a case where a malfunctioning of the testing device resulted in an inability to conduct a valid test, the principle enunciated in Sabourin applies. Here, the breath test was invalidated by operation of the regulation due the variance in the first two samples. Upon obtaining the second sample, the procedure called for under the regulation was complete, but the test was still not valid. No further consent was needed.

CONCLUSION

For the reasons stated above, the defendant’s motion to suppress is DENIED.

 50t CMR. 2.56 in effect at the time provided as follows:
Administration of Breath Test; Procedures. (1) The breath test shall be administered in accordance with the Operational Procedure checklist for the breath testing device in question that is contained in the Infrared Breath Testing Operator’s Manual prepared by the Office of Alcohol Testing and distributed by the Council. The defendant’s consent to the test shall be received and recorded by the certified breath test operator. The breath test shall consist of a multipart procedure, in the following sequence:
(a) one adequate breath sample supplied by the defendant and analyzed by a certified breath testing device;
(b) a calibration standard analysis of the said breath testing device employing an alcohol standard approved by the Office of Alcohol Testing; and
(c) a second adequate breath sample supplied by the defendant and analyzed by the said certified breath testing device.
(2) A test shall not be considered valid if the defendant fails to supply two adequate breath samples upon request (in which [case] it shall be deemed a refusal under 501 CMR 2.51), if the reading on the calibration standard analysis is not a 0.14%, 0.15% or a 0.16%, expressed in the two decimal mode (i.e. truncating by dropping any third or subsequent decimal place), or if the readings on the two subject analyses do not agree within+/- 0.02 blood alcohol content units, expressed in the two decimal mode (i.e. truncating by dropping any third or subsequent decimal place). All breath samples and calibration sample results shall be recorded in the two decimal mode only, so as to be consistent with M.G.L.c. 90, §24. In the case of an invalid test that results from something other than the defendant’s failure to supply an adequate breath sample or otherwise to comply with any reasonable request by a certified operator that is necessary for the conduct of a breath test the defendant shall be given an opportunity to consent to a new breath test.
Effective April 23, 2004, the regulation was amended by omitting paragraph (2) above and adding:
(2) A defendant may be asked to supply more than two breath samples to obtain two adequate breath samples. If the defendant fails to supply two adequate breath samples upon request it shall be deemed a refusal under 501 CMR 2.51.
(4) A valid breath test shall consist of a multipart procedure in which the two adequate subject breath samples agree within +/- 0.02 blood alcohol content units and the calibration standard analysis is a 0.14%, 0.15%, or 0.16%.
(5) In the case of an invalid test that results from something other than the defendant’s failure to supply two adequate breath samples or otherwise to comply with any reasonable request by a certified operator that is necessaiy for the administration of a breath test, the defendant shall be given an opportunity to consent to a new breath test.

G.L.c. 90, section 24K. provides, in pertinent part:
Chemical analysis of the breath of a person charged with a violation of this chapter shall not be considered valid under the provisions of this chapter, unless such analysis has been performed by a certified operator, using infrared breath testing devices according to methods approved by the secretary of public safety. The secretary of public safety shall promulgate rules and regulations regarding satisfactory methods, techniques and criteria for the conduct of such tests . . .
Said regulations shall include, but shall not be limited to the following: (a) that the chemical analysis of the breath of a person charged be performed by a certified operator using a certified infrared breath-testing device in the following sequence: (1) one adequate breath sample analysis; (2) one calibration standard analysis; (3) a second adequate breath sample analysis . . .