Macdonald, D. Lloyd, J.
On December 21, 2006, a Bristol County jury acquitted defendant Joseph Aguiar (“Aguiar”) of several criminal charges. Aguiar moved, pro se, for compensation after acquittal pursuant to G.L.c. 277, §73, as well as for attorneys fees, citing G.L.c. 261, §14. A hearing was held. The Court *312 DENIES Aguiar’s application for the reasons that follow.
BACKGROUND
The Bristol County grand jury, on November 15, 2005, indicted Aguiar on armed assault with intent to murder, mayhem, assault and battery with a dangerous weapon (2 counts) and armed home invasion. Aguiar was arraigned on December 8, 2005. At the arraignment, the Commonwealth moved that Aguiar, who has a lengthy criminal record, be held without bail pursuant to G.L.c. 276, §58A. After a hearing, the Court ordered on December 20, 2005 that he be held without bail. In April 2006, after Aguiar filed the first of his motions to dismiss on speedy trial grounds, bail was set in the amount of $150,000 cash or $1.5 million with surety.
By the time the case went to trial, there were one hundred docket entries in the case. These included in excess of forty motions filed by Aguiar, among which were two motions to dismiss. Aguiar also filed interlocutory appeals to the Supreme Judicial Court and to the Appeals Court. Both were denied. During most of the pre-trial period Aguiar was pro se.
The trial date was initially set for September 11, 2006. However, it was rescheduled to November 13, and then again to December 18, 2006. Trial commenced on December 18, and Aguiar was acquitted on December 21, 2006. On December 31, 2007, Aguiar filed the instant application for compensation.
DISCUSSION
Aguiar’s motion for compensation is predicated on G.L.c. 277, §73. That provision, titled “Compensation of Persons Discharged in Certain Cases,” provides in relevant part that
any person in the Commonwealth kept in confinement awaiting trial more than six months after having been indicted, and finally acquitted or discharged without trial, if the delay was not at his request or with his consent or at the request or consent of his attorney of record, may receive compensation for the period of his confinement after the lapse of said six months and until his acquittal or discharge; provided, that the payment of compensation is approved by the justice who presided at the trial[.]
Under this statute “a defendant seeking compensation must establish all the statutoiy elements necessary for relief, including lack of consent.” Commonwealth v. Bunting, 401 Mass. 687, 692 (1988). Thus, to prevail Aguiar must establish not only that he was confined and awaiting trial for more than six months, but also that he did not consent to the delay.
There is no dispute as to the duration of Aguiar’s confinement beyond the six months. However, there is an issue as to his consent and other pertinent statu-toiy considerations.
A. Consent
Under the statute, consent to delay may be implied. “A defendant’s failure to object to delay and failure to press for trial constitutes an implied consent to delay and bars recovery under §73.” Bunting, 401 Mass. 687, 690 (1988). Thus, where a defendant “agreed to a year of continuances, followed by a year of inaction on his part” he impliedly consented to a two-year delay and was not eligible for compensation. Id. at 690. See also Commonwealth v. Graziano, 385 Mass. 1011, 1011 (1982) (“by his failure to move for a speedy trial and by bringing the aforementioned motions [for a continuance and a polygraph test], the defendant impliedly consented to delaying the trial for at least as much of the period as exceeded six months”); Commonwealth v. Davis, 367 Mass. 422, 423 (1975) (defendant impliedly consented to delay by filing of a “flurry” of pre-trial motions while failing to move for a speedy trial).[1]
The Court finds that Aguiar consented to at least as much of the pre-trial delay as exceeded six months, as documented by his failure to object, on the one hand, and by his intensive motion practice, on the other, which materially contributed to the need for additional pretrial time.
The initially scheduled trial date in this case was September 11, 2006. According to Aguiar, that date was set by mutual agreement of his attorney and the Commonwealth “sometime after April 24, 2006" when it was ’’refined [from] the initial, general September trial date."[2] Thus, Aguiar, through counsel, expressly agreed to the September 11 trial date, and that date was consistent with Aguiar’s prior understanding that the trial would begin in September 2006.[3] Aguiar did not object on the record to the September trial date. Therefore, this court finds that Aguiar consented to the delay from at least April 24, 2006, by which time he understood that trial would commence in September, until September 11, 2006, a period of 141 days.[4]
Aguiar thereafter also consented to the additional delay when the trial was continued from September 11 to November 13, 2006. He failed to object to the continuance.[5] Moreover, during the period between September 11 and November 13, Aguiar filed multiple motions with the court, including a motion to dismiss. (The latter was denied on September 28.) Further, Aguiar at the time was actively conducting additional discovery and investigation during this period, as evidenced by the motions that he filed with the court. These motions included: Motion for Criminal Records of Prosecution Witness (filed 10/24/06); Motion for Discovery (filed 10/24/06); Motion For Process to Issue and For Service of Process at Expense of Commonwealth (seeking telephone records) (filed 10/24/06); Second Motion for Process to Issue and for Service of Process at Expense of Commonwealth (seeking social security records) (filed 11/1 /06); and Third Motion for Process at Expense of Commonwealth *313 (seeking records from High Point treatment center) (filed 11/1/06).
In light of Aguiar’s failure to object to the trial continuance, his motions, including a motion to dismiss, and his ongoing discoveiy efforts, the Court concludes that the change in trial date from September 11 to November 13, a period of 64 days, occurred with Aguiar’s implied consent.
Subsequently, on November 13, the trial date was again rescheduled to December 18. Aguiar argues that he objected to this continuance.[6] However, Aguiar’s contemporaneous posture with the Court with respect to the November 13 continuance was, at best, equivocal. On November 13, the same date the trial was rescheduled, Aguiar filed a motion for funds for an investigator. In that motion, Aguiar indicated that he needed to engage in further investigation in support of his case, stating that “the continued use of the investigator are [sic] necessary to prepare for trial." The Court finds that Aguiar tacitly consented to the continuance from November 13, until the date of trial, December 18, 2006, a period of 36 days.
Pre-trial delay that a defendant acquiesces in, is responsible for, or benefits from is excludable from the total time of delay for statutory speedy trial purposes. Commonwealth v. Lauria, 411 Mass. 63, 68 (1991); Barry v. Commonwealth, 390 Mass. 285, 295-99 (1983); Commonwealth v. Jones, 6 Mass.App.Ct. 750, 752-53 (1978) (construing G.L.c. 277, §72A (repealed, Acts 1979, c. 344, §42)). This rule has long been applied in cases involving statutory speedy trial rights. See e.g. Commonwealth v. Loftis, 361 Mass. 545, 550 (1972) (“it would be unconscionable to permit the defendant to take advantage of a situation where a substantial part of the delay in the disposition of the case was obviously caused by him and, in addition, was for his benefit”).
The total non-compensable delay was at least 239 days, leaving a balance of 170 days chargeable for these purposes to the Commonwealth. That is less than the six-month period required by G.L.c. 277, §73.
B. Additional Excludable Time
Aguiar filed two motions to dismiss while his case was pending. His first motion to dismiss was filed on March 30, 2006, and was denied on July 24, 2006.[7] “The filing of a motion to dismiss, at least where a hearing promptly follows, tolls the running of the time within which a defendant must be tried,” Barry, 390 Mass. at 294, citing Commonwealth v. Fasano, 6 Mass.App.Ct. 325, 333-34 (1978), and “operate[s] as a waiver of so much of the . . . period as should be reasonably necessary to secure a judicial resolution of the questions raised by the motion.” Fasano, 6 Mass.App.Ct. at 334. If a hearing does not promptly follow the filing of a motion to dismiss, the defendant may be deemed to have acquiesced in the extended delay if he does not inquire into the status of the motion and does not press for its resolution. Commonwealth v. Anselmo, 33 Mass.App.Ct. 602, 612-13 (1992) (defendant acquiesced in five-month delay by failing to inquire as to the status of his motion to dismiss and did not press for the motion to be resolved).
As indicated earlier, Aguiar’s first motion to dismiss for alleged speedy trial violations was filed on March 30, 2006. The motion was re-filed on May 10, 2006. The Commonwealth did not file a memorandum in opposition until July 21, 2006, and the court denied the motion on July 24, 2006. Thus, the motion was pending for 114 days before the Commonwealth responded to it, and 117 days before a decision was rendered. Although the hearing on the motion was not prompt, it cannot be said that the Commonwealth was solely responsible for the delay. The record does not indicate that Aguiar inquired as to the status of the motion or pressed for its resolution. By failing to press for resolution of the motion or inquiring as to its status, Aguiar acquiesced or impliedly consented to the 117-day delay during which it was pending. See Anselmo, 33 Mass.App.Ct. 602, 612-13 (1992); Bunting, 401 Mass. 687, 690 (1988). See also Commonwealth v. Bourdon, 71 Mass.App.Ct. at 428.
Therefore, the delay from March 30, when Aguiar filed his motion to dismiss, until April 24, when Aguiar consented to the September trial date, provides an additional 26 days of delay that is excludable, i.e., not included in the total period of pre-trial delay.[8] This delay, combined with the delay that Aguiar consented to, amounts to at least 263 days. This leaves at most 136 days of delay — less than five months — that are chargeable to the Commonwealth under G.L.c. 277, §73. Therefore, Aguiar has not met his burden under the statute.
C. The Court’s Discretion
Within the bounds of the statutoiy framework, entitlement to compensation is discretionary. See G.L.c. 277, §73 (indicating that a person “may” receive compensation under the statute); Cohen v. Board of Water Comm’rs, 411 Mass. 744, 751 (1992) (“the word ’may’ is one of permission and not of command”) (citation omitted). “The proper exercise of judicial discretion involves making a circumstantially fair and reasonable choice within a range of permitted options.” Lonergan-Gillen v. Gillen, 57 Mass.App.Ct. 746, 748-49 (2003).
This case was brought from indictment to resolution in roughly thirteen months. The case was tried well within the timeframe prescribed to the Commonwealth under Mass.R.Crim.P. 36(b), after deducting excludable time under that rule.[9] The case moved to trial expeditiously, especially considering that there were over 100 docket entries as of the time of trial. As noted earlier, over forty were motions brought by Aguiar, as well as interlocutory appeals to the SJC and to the Appeals Court.
*314 By Aguiar taking aggressive recourse to his procedural remedies, he cannot fairly complain of the time required by the Commonwealth to respond reasonably to those efforts and of the time for the Court to address them.
Finally, the Court notes that although Aguiar was acquitted, the Commonwealth’s case was strong. In the Court’s seasoned judgment, Aguiar was fortunate to have been acquitted. 'Ihiis is not a situation where, in retrospect, an obviously innocent person was held in custody for a lengthy period. Nor is it a situation where the duration of the pretrial confinement was exclusively caused by the prosecution. In short, there is no discretionary basis to award compensation that would not otherwise be compelled by the statute.
D. Attorneys Fees
Aguiar’s motion for attorneys fees also fails. Aguiar cites G.L.c. 261, §14 as authority for his request.[10] However, that statute merely provides that “in civil actions and in proceedings which are instituted by, or in the name of the Commonwealth . . . the Commonwealth shall be liable for costs as is an individual.” The statute does not create a right to attorneys fees after successfully defending oneself against a criminal charge. This court has not been apprised of any authority for granting attorneys fees under such circumstances. Therefore, Aguiar’s request attorneys fees is denied.
ORDER
For the foregoing reasons, Aguiar’s motion for compensation after acquittal and attorneys fees is DENIED.

 The Court disposes of the instant motion within the framework of G.L.c. 277, §73. However, as will be noted, the provisions of Mass.R.Crim.P. 36 (Case Management) and the case law construing it in connection with a defendant’s entitlement to a speedy trial may be pertinent to issues raised by Aguiar. In that respect, the Appeals Court’s recent decision in Commonwealth v. Bourdon, 71 Mass.App.Ct. 420 (2008), focusing on Rule 36 is instructive. There, the Appeals Court held, “Defendants bear the obligation to object to delay, and a responsibility to ‘press their case through the criminal justice system.’ ‘If the rule is read to relieve defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide that delay is the best defense tactic.’ ” Id. at 428 (citations omitted).

 Aguiar’s Affidavit in Support of Application for Compensation After Acquittal, at ¶43.

 Aguiar concedes that by April 24, he knew that the trial date would be in September 2006. Aguiar’s Affidavit in Support of Application for Compensation After Acquittal, at ¶43.

 All computations here of delay consented to by the defendant or otherwise excludable are inclusive, i.e. the first and last day of the period are counted. See Mass.R.Crim.P 36 (b)(3) (“computation of an excluded period shall include both the first and last day of an excludable act or event”).

 See Aguiar’s Affidavit in Support of Application for Compensation After Acquittal, at ¶55-56 (suggesting that Aguiar attempted to arrange a hearing on his pending motion to dismiss prior to September 11, 2006, but not indicating that he objected when the court scheduled a hearing date of September 20 for the motion to dismiss or that he objected to the November 13 trial date).

 See Aguiar’s Affidavit in Support of Application For Compensation After Acquittal at ¶¶ 57-58.

 The second motion to dismiss was filed May 24, 2006 and was denied on September 28, 2006. On August 10, 2006, Aguiar filed a motion for an evidentiary hearing on the motion in which he requested that the “hearing date be set expeditiously.” Thus, Aguiar’s motions to dismiss were pending for 161 consecutive days before he requested a hearing or otherwise moved for their prompt resolution. This period is excludable. See Commonwealth v. Anselmo, 33 Mass.App.Ct. 602, 612-13 (1992). However, the period after April 24, 2006 during which Aguiar’s motions to dismiss were pending overlaps with the period of delay that Aguiar consented to. See Barry, 390 Mass. at 292 (“If there are excludable periods of delay which overlap, a day is excludable only once").

 “If there are excludable periods of delay which overlap, a day is excludable only once.” Barry, 390 Mass. at 292.

 For example, the excludable delay due to Aguiar’s motions to dismiss bring this case within the requirement that trial occur within twelve months of his “return day,” i.e., the date of arraignment. See Commonwealth v. McCants, 25 Mass.App.Ct. 735, 737 (1988).

 Attorneys fees are not contemplated under G.L.c. 277, §73. That statute only contemplates personal compensation for the defendant in an amount “equivalent to the amount which [he] earned or received from his regular employment for any period of equal length during the two years immediately preceding his confinement, and if he had no employment, the compensation shall be such reasonable sum as shall be determined by the justice who presided at trial. . .”