COMMONWEALTH *vs.* FRANKLIN C. WOODMAN. March 9, 1981. The indictments are for rape and for assault and battery with a dangerous weapon (a "spring release" knife). The case is here on an interlocutory appeal by the Commonwealth from an order of the Superior Court allowing the defendant's pretrial motion to suppress a switchblade knife which was seized by the police during the course of a warrantless search of the van which the defendant had been driving when he was stopped and arrested. G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 45. Mass.R.Crim.P. 15(b)(2), 378 Mass. 883 (1979). No weapon was found on the defendant's person when he was searched at the time of his arrest; he was taken to the police station, booked, and subsequently released on bail. The van was not searched at the scene of the arrest; it was transported to the station, where it was locked and parked in a restricted area for a period of approximately forty-eight hours. At the expiration of that period the van was unlocked by an officer who searched it without the defendant's consent and without a warrant; the search was commenced at or about the time the District Court opened for business in the same building in which the police station is located. The officer found a switchblade knife in the lower left pocket of a leather jacket which was hanging behind the driver's seat; he did not search the pockets of any of the other clothing which was found in the van. The van was released and returned to the defendant two days later. The defendant "stipulated" at the hearing on the motion that his arrest had been valid, that the police had had

probable cause to believe that the van had been the scene of the alleged rape, and that the van had been lawfully impounded by the police. 1. The motion judge suppressed the knife because at the time of the search there had been no exigent circumstances which excused the police from securing a warrant. That ruling was required by the rationale of and the holdings in *United States* v. *Chadwick*, 433 U.S. 1, 3-5, 13-16 (1977), and *Arkansas* v. *Sanders*, 442 U.S. 753, 755, 761-766 (1979). Contrast *Chambers* v. *Maroney*, 399 U.S. 42, 44-45, 51-52 (1970). 2. The judge warrantably found (on the explicit testimony of the searching officer) that he (the officer) had "unlocked and entered the van with the intention of conducting both an inventory search as well as looking for the missing knife . . . ." The judge was correct in ruling that the "search did not constitute a valid inventory search as the search was made in the context of a criminal investigation and not pursuant to a non-criminal inquiry." See *Commonwealth* v. *Moon*, 8 Mass. App. Ct. 375, 381-382 (1979), reversed on other grounds, 380 Mass. 751 (1980). The police reliance on *South Dakota* v. *Opperman*, 428 U.S. 364 (1976), and *Commonwealth* v. *Tisserand*, 5 Mass. App. Ct. 383, 384-387 (1977), was badly misplaced.

*Order allowing motion to suppress*
*affirmed.*

*William T. Kennedy,* Assistant District Attorney, for the Commonwealth.

*James J. Brady* for the defendant.