COMMONWEALTH *vs*. ELLA J. MOORE
(and companion cases[1]).

Suffolk. January 21, 1985. — May 2, 1985.

Present: ARMSTRONG, CUTTER, & PERRETTA, JJ.

*Practice, Criminal,* Speedy trial.

The judge hearing motions to dismiss filed by criminal defendants who had not been brought to trial within twelve months of indictment as required by Mass.R.Crim.P. 36 did not err in adopting the findings and conclusions of a judge who had earlier heard motions to dismiss, in concluding that the defendants had no obligation to press the cases for trial after they discovered that their earlier motions to dismiss had been denied, and in allowing the later motions to dismiss. [3-5]

On appeal by the Commonwealth from the allowance of motions to dismiss filed by criminal defendants who had not been brought to trial within twelve months of indictment as required by Mass.R.Crim.P. 36, this court declined to consider whether the period during which a certain pretrial motion was pending should be excluded from the time limit, where this question had not been raised or considered in the trial court. [5-6]

INDICTMENTS found and returned in the Superior Court Department on April 22, 1982.

---

[1] Against Curtis A. Babb, James E. Carrington, and Sharon L. Berry.

Motions to dismiss were heard by *Elizabeth J. Dolan,* J.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

*Patricia A. O'Neill* for Sharon L. Berry.

*Robert P\ Reardon* for Ella J. Moore (*John J. Ruby, Jr.,* for James E. Carrington & *Roger I. Witkin* for Curtis A. Babb with him).

CUTTER, J. On April 22, 1982, the four defendants were indicted for alleged offenses, including possession of heroin with intent to distribute it, illegal possession of firearms, and conspiracy. On May 11, 1982, they were arraigned. After an extended period of somewhat complicated pretrial proceedings and continuances, a Superior Court judge (Motion Judge No. 2) "with judicial reluctance" (in view of the serious crimes charged) allowed a second group of motions to dismiss the indictments for violation of the defendants' right to a speedy trial. Mass.R.Crim.P. 36, 378 Mass. 909 (1979), hereafter referred to only as Rule 36.[2] From the judgments of dismissal, the Commonwealth appeals. Mass.R.Crim.P. 15(b)(1), 378 Mass. 883 (1979), and Mass.R.A.P. 3 & 4, 365 Mass. 845-847 (1974).

1. The defendants filed two sets of motions to dismiss under Rule 36. The first set of these motions, filed in early October, 1983, was denied by a Superior Court judge (Motion Judge No. 1) on October 31, 1983. He concluded that under Rule 36 the Commonwealth was bound to bring the defendants to trial within one year after their arraignment on May 11, 1982, or before May 12, 1983, unless under Rule 36 there were days to be excluded by virtue of the rule. Motion Judge No. 1 decided that, as of October 4, 1983, the first day of hearings on the first group of motions to dismiss, 193 days were properly to be excluded under Rule 36, and that, "[t]he Commonwealth must [under Rule 36] justify 146 days of delay from and after May 11, 1983." There thus remained as of October 4, 1983, forty-seven days in which the Commonwealth could mark the cases for trial.

---

[2] Rule 36, so far as here pertinent, is set forth in the appendix.

A second set of motions to dismiss for failure to provide a speedy trial was heard on March 21 and 22, 1984, by Motion Judge No. 2, who filed her memorandum of decision allowing the motions on March 29, 1984. Her action is the subject of the present appeal by the Commonwealth, which makes various contentions discussed below.

2. Motion Judge No. 2 incorporated by reference in her decision Motion Judge No. 1's decision of October 31, 1983, "with all of his findings and conclusions therein." The Commonwealth made no objections before Motion Judge No. 2 concerning the findings and conclusions of Motion Judge No. 1 and, indeed, urged upon Motion Judge No. 2 that she accept his conclusions with respect at least to the defendant Berry.[3] The prosecutor who appeared before Motion Judge No. 2 also stated to her that the critical period of time for the latter's consideration was from October 4, 1983, until February 10, 1984, a position Motion Judge No. 2, in effect, accepted by saying that she did "not intend to go behind . . . [the] memorandum" of decision of Motion Judge No. 1. No written or oral request was made by the Commonwealth to Motion Judge No. 2 to revise the findings and conclusions of Motion Judge No. 1 in any respect. Motion Judge No. 2 thus was acting well within her sound discretion in not altering findings and rulings of another Superior Court judge.[4] We review this case on the basis that we also need deal only with days to be excluded under Rule 36 from and after October 4, 1983.

3. Motion Judge No. 2 found that the defendant Moore's motion to dismiss (with companion motions) was taken under advisement by Motion Judge No. 1 on October 14, 1983, after an interval following October 4 which reasonably allowed for the submission of pertinent drafts of findings, briefs, and the

---

[3] As to the defendant Berry, special questions existed whether she had joined in the motions to dismiss dealt with in Motion Judge No. 1's decision.

[4] We assume that, prior to final judgment, she had power to alter the findings and conclusions of Motion Judge No. 1, if convinced that any of them were erroneous. She, however, was not bound to do so. See *Peterson* v. *Hopson*, 306 Mass. 597, 599-605 (1940); *Salter* v. *Scott*, 363 Mass. 396, 401-402 (1973); *Coolidge Bank & Trust Co.* v. *First Ipswich Co.*, 11 Mass. App. Ct. 923, 924 (1981).

like. In normal course, all attorneys would have been notified of the decision filed by Motion Judge No. 1 on October 31, 1983. The clerk's office, however, by some completely un-explained error which clearly should not have taken place, failed to inform counsel of the decision. Motion Judge No. 2 assumed for the purposes of ruling on the motions that the period between October 4 and November 14, 1983, was exclud-able under Rule 36(b)(2)(A)(vii). She took the position that, under that provision, the parties could reasonably assume, until thirty days after Motion Judge No. 1 had taken under advise-ment the first motions to dismiss, that he had not decided the motions. After that, she concluded, the parties all were placed under some obligation to make inquiry. She thus ruled that the time which elapsed after November 14, 1983, was not exclud-able.

· Motion Judge No. 2 also found as a fact that some defense counsel heard by accident during November, 1983, that Motion Judge No. 1 had ruled adversely to their position. The prose-cutor became aware of the decision by December 27, 1983. Although defense counsel apparently had not disclosed their knowledge to the district attorney's office, Motion Judge No. 2 rejected the Commonwealth's contention that their failure to do so caused the defendants to be partly responsible for failure to press the case.[5] She ruled that the burden of assuring that criminal defendants receive a speedy trial rests upon the Com-monwealth, which "has assumed strong control over the trial lists and the cases set down for trial." See *Barry* v. *Common-wealth*, 390 Mass. 285, 296 n.13, second par. (1983). This conclusion is consistent with the specific interpretation found in the Reporters' Notes to Mass.R.Crim.P. 36, discussing Rule 36(a)(2)(B) and 36(b), Mass. Ann. Laws, Rules of

---

[5] Defense counsel reasonably may have assumed that the assistant district attorney, whose office is in the courthouse, would have the same information that defense counsel had, despite the clerk's failure to send notice of the decision by Motion Judge No. 1. This possibility sufficiently justified Mo-tion Judge No. 2 in declining to apply the principle discussed in *Common-wealth* v. *Farris*, 390 Mass. 300, 304-305 (1983). She could conclude reasonably that the defendants' inaction and failure to enter an objection to the delay did not amount to acquiescence in that delay. See *Commonwealth* v. *Stokes*, 18 Mass. App. Ct. 637, 639-640 (1984).

Criminal Procedure at 525-526 (1979).[6] See also Smith, Criminal Practice and Procedure § 2261 (2d ed. 1983). We conclude that Motion Judge No. 2 reasonably decided (a) that the defendants, in the circumstances, were under no obligation after November 14, 1983, to take any steps to press the case for trial (see Smith, *supra,* § 2265) and (b) that, in view of the Commonwealth's assumption of control of the criminal trial lists, no action of the defendants or their counsel amounted to a waiver of the clients' rights under Rule 36.

4. The Commonwealth contends that the defendant Babb's motion (see note 6, *supra,* last two sentences) based on *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982), gave rise to a period to be excluded from the time limits under Rule 36.[7] The contention is that this period ran from the date the motion was filed on December 30, 1982, until it was allowed on February 27, 1984. In effect, the argument is that Rule 36(b)(2)(A)

---

[6] On December 27, 1983, so Motion Judge No. 2 found, a prosecutor talked by telephone with counsel for one defendant and suggested a conference on the case for January 16, 1984. That day turned out to be a State holiday. Counsel for other defendants were not notified. Thereafter the prosecutor set a trial date for February 10, 1984. The mailed notice of this assignment was the first formal notice the other defendants had received of a trial date. One defense counsel was not available on February ·10, and the cases were continued to February 27, 1984. The cases then were sent to a third Superior Court judge for trial. Two defense motions to dismiss on speedy trial grounds were then pending. The Commonwealth was ready for trial but was not prepared to argue the motions to dismiss. The judge continued the motions to March 12, 1984. He did allow in part, however, the defendant Babb's motion to dismiss, filed on December 30, 1982, in the light of *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982), by striking out the words "intent to distribute" from the indictment with respect to the possession of heroin. A similar motion, made orally on February 27, 1984, was allowed (with the consent of the prosecution) in the case against the defendant Carrington.

[7] The Commonwealth makes some argument that Rule 36 should be interpreted in a manner similar to the provisions of 18 U.S.C. § 3161(h)(1) (F) (1982), added in 1979, so as to exclude periods exceeding thirty days where pretrial motions are pending. The *Barry* case, 390 Mass. at 290 and 294-295, points out that in various material respects Rule 36 differs from the Federal provisions. The court in the *Barry* case, however, did not need to decide what standards "should be applied to determine the period of [excludable] delay which results from the filing of a pretrial motion." *Barry,* at 295.

(v) provides that any period of delay resulting from hearings on pretrial motions is to be excluded. Rule 36[8], however, does not indicate when the period to be excluded for such hearings begins or ends.[9]

The Commonwealth concedes that neither Motion Judge No. 1 nor Motion Judge No. 2 "considered whether the period of delay [because of Babb's motion] December 30, 1982, . . . [to] February 10, 1984 [the date when the cases were called for trial], was excludable when they denied and allowed, respectively, the defendants' first and second [groups of] motions to dismiss pursuant to Rule 36." The record and the transcript of the hearing before Motion Judge No. 2 do not indicate that any effort was made by the Commonwealth to raise this contention before either motion judge. The Commonwealth first raises this matter on this appeal. As the court pointed out in the *Barry* case, 390 Mass. at 289, we may be "in as good a position as . . . [either motion] judge . . . to decide whether the time limits imposed by the rule have run." See *Commonwealth* v. *Farris*, 390 Mass. 300, 303-304 (1983). We conclude, however, that this is an appropriate case in which to apply the principle that an "issue not fairly raised before the trial judge will not be considered for the first time on appeal."

---

[8] In various respects, Rule 36 apparently has resulted in some confusion in its application. The court in the *Barry* case, 390 Mass. at 294-295, expressly did not have to decide the extent of the period to be excluded because of pretrial motions, although the case does (at 295-297) approve the "application of the prior case law" to some extent to the interpretation of the rule. The *Barry* decision, however, helpfully points (at 297) to the possibility of using the provisions of Rule 36(b)(2)(F) to "protect . . . against the rigors of the rule," a practice which, of course, will require careful compliance with the requirements of that provision. The precise extent to which this is permissible was not necessary for the court to determine in that case. See 390 Mass. at 296-298. The effect of court congestion also was left undecided. *Id.* at 296 n.13, last sentence. We assume that a comprehensive review of Rule 36, in the light of actual experience under it, may prove to be desirable at some stage.

[9] The Commonwealth argues that, while any motion to dismiss is pending, the Commonwealth cannot move for trial because Mass.R.Crim.P. 15(c), 378 Mass. 884 (1979), provides that any motion subject to appeal under that rule (see Rule 13[c], 378 Mass. 872 [1979]) must "be decided by the judge before the defendant is placed in jeopardy." We do not decide whether this provision has application to a routine motion like that of Babb in this case.

*Commonwealth* v. *Marchionda*, 385 Mass. 238, 242 (1982). See *Commonwealth* v. *Lett*, 393 Mass. 141, 144 (1984); *Commonwealth* v. *Wilder*, 18 Mass. App. Ct. 782, 784 (1984). We note that, if the Commonwealth had found the defendant Babb's somewhat routine motion under the *Gagnon* case an embarrassment to obtaining trial, it could have marked the motion for hearing or consented to it, as it did with the defendant Carrington's oral motion. See note 6, *supra*.[10]

*Judgment affirmed.*

APPENDIX.

Mass.R.Crim.P. 36, 378 Mass. 909 (1979).

See Smith, Criminal Practice and Procedure §§ 2261-2263 (2d ed. 1983).

(All emphasis, except some paragraph headings, is added.)

"(a) GENERAL PROVISIONS.

" . . . .

"(2) *Function of the Court.*

" . . . .

"(B) SUPERIOR COURT. The court shall determine the sequence of the trial calendar after cases are selected for prosecution by the district attorney.

"(b) STANDARDS OF A SPEEDY TRIAL. The time limitations in this subdivision shall apply to all defendants as to whom the return day is on or after the effective date of these rules.

" . . . .

"(1) *Time Limits.* A defendant, except as provided by subdivision (d) (3) of this rule, shall be brought to trial within the following time periods, as extended by subdivision (b) (2) of this rule:

" . . . .

"(C) during the third and all successive such twelve-month periods [following the effective date of this rule], a defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial.

" . . . .

---

[10] In what is a confusing case involving many dates we summarize our decision. Motion Judge No. 2 justifiably (a) adopted the conclusions of Motion Judge No. 1 that as of October 4, 1983, the Commonwealth still had forty-seven days within which to get the cases to trial; (b) concluded that the only period after October 4, 1983, to be excluded under Rule 36 were the forty-two days ending on November 14, 1983; and (c) that the days between November 14, 1983, and February 10, 1984 (at least eighty-seven days), extended well past the forty-seven days left to the Commonwealth to get the cases to trial.