COMMONWEALTH *vs.* ROBERT A. MARLBOROUGH. December 26, 1985.
*Firearms. Search and Seizure,* Automobile. *Probable Cause.*

A jury of six convicted the defendant of unlawful carrying of a firearm (G.L. c. 269, § 10[a]). His appeal is from a denial of a motion to suppress evidence (the firearm) obtained in a warrantless search of the defendant's car. See *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 53-58 (1974).

In explanation of his denial of the motion to suppress, a District Court judge made findings which included the following: Lisa Toscano reported to the Worcester police department that a former boyfriend, Robert Marlborough (the defendant), had fired a shot through the window of her home and had driven off in a brown Cadillac bearing registration plate number 540T. Two police radio dispatches (the second, apparently, after a police officer interviewed Toscano) went on the air alerting officers on duty to the incident. Lieutenant Sweeney, the first officer to spot the defendant, saw him walking toward the rear of the Cadillac and, after calling for backup, ordered the defendant to submit to a patdown search. Officer Zukowski soon arrived, in response to the backup call, opened the passenger side door of the defendant's car, leaned in, and saw a pistol lying against the transmission hump. Thereupon Zukowski placed the defendant under arrest. These findings, of course, we respect. *Commonwealth* v. *Moon,* 380 Mass. 751, 756 (1980). *Commonwealth* v. *Cosme,* 15 Mass. App. Ct. 448, 451 (1983).

On the basis of the radio dispatch, the police officers had probable cause to stop and search the defendant and his car. Toscano had made a highly specific complaint that the defendant had committed a reckless and violent act and driven off into the night. There was reason to think that the defendant was on the loose and in a dangerous frame of mind. As in *Commonwealth* v. *Cosme,* 15 Mass. App. Ct. at 452-453, "the law coincides with the necessities of police investigation . . . ." The police were on notice that

there was a probability that either on the defendant or in the car there was a firearm being used in a reckless and perhaps capricious fashion. They would have been derelict not to look in the car's passenger compartment when they failed to find it on the defendant's person. As it was, they acted commendably. See *Chambers* v. *Maroney,* 399 U.S. 42, 46-49 (1970); *United States* v. *Ross,* 456 U.S. 798, 825 (1982); *Commonwealth* v. *Silva,* 366 Mass. 402 (1974); *Commonwealth* v. *Almeida,* 373 Mass. 266, 272 (1977). For a case presenting substantially similar facts, see *Commonwealth* v. *Ferrioli,* 10 Mass. App. Ct. 489 (1980). We are not concerned with the completeness of the information possessed by each of the officers who collaborated in the search and arrest. We evaluate probable cause on the basis of the collective information of all the officers. *Commonwealth* v. *Gullick,* 386 Mass. 278, 283 (1982). *Commonwealth* v. *Carrington,* 20 Mass. App. Ct. 525, 529 n.4 (1985).

*Judgment affirmed.*

*Edward P. Reardon* for the defendant.
*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.