COMMONWEALTH *vs.* KENNETH E. SCOTT. No. 90-P-471. December 13, 1990. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Automobile, Probable cause, Exigent circumstances. *Probable Cause.*

This is an appeal from the defendant's convictions of breaking and entering in the daytime with intent to commit a felony and of four other offenses. After a hearing, a Superior Court judge allowed a pretrial motion to suppress statements made by the defendant but denied a motion to suppress physical evidence. The defendant contends that the judge erred in refusing to suppress the physical evidence. We affirm.

*Springfield police officer Charles Surridge*, one of four officers who responded to a radio report of a break-in in progress at 36 Northumberland Street, entered the defendant's car while it was parked across the street

from the Northumberland Street address. The car was a beige Chevrolet with a CB antenna and a red bandana tied to the rearview mirror. No one was inside the car at the time; the doors were unlocked and the windows open. Papers were visible on the front seat and the floor. Officer Surridge's purpose in entering the car was to attempt to ascertain the identity of the individual who had driven and parked it. The papers revealed that information, and that discovery led to other incriminatory evidence. Officer Surridge had no search warrant. If his entry violated the defendant's rights under the Fourth Amendment to the United States Constitution, much of the evidence against the defendant at trial should have been excluded as "fruit of the poisonous tree." *Wong Sun* v. *United States*, 371 U.S. 471, 488 (1963). The defendant contends that his Fourth Amendment rights were violated because the search was neither based on probable cause nor justified by exigent circumstances.

The police entered the vehicle for a limited purpose, to attempt to ascertain the absent operator's identity. They sought, however, to examine personal papers, not a vehicle identification number, as in *New York* v. *Class*, 475 U.S. 106, 117-118 (1986), or the back of an inspection sticker, as in *Commonwealth* v. *Navarro*, 2 Mass. App. Ct. 214, 217-218 (1974). The intrusion, therefore, constituted a search subject to the requirements of the Fourth Amendment, and the Commonwealth had the burden of proving both probable cause to justify the intrusion and exigent circumstances to justify the lack of a warrant. *Carroll* v. *United States*, 267 U.S. 132, 149 (1925). *Commonwealth* v. *Cast*, 407 Mass. 891, 901 (1990). In a case such as this where a parked car was searched in the absence of its driver, probable cause depended upon some nexus between the car and the criminal activity under investigation. *Commonwealth* v. *Moon*, 380 Mass. 751, 760 (1980).

We take the facts relevant to probable cause from the judge's findings, supplemented by other evidence, essentially uncontested, from the three police officers who testified at the suppression hearing. By the time of the search, the police had been given the following information. As she was leaving her home at 36 Northumberland Street to take her daughter to school, Gail Hertel saw the beige Chevrolet drive down the street, pull in and out of a driveway, and park. The driver was a black male. She returned within five to ten minutes, observed signs that her home had been broken into, and saw someone, whom she thought to be the same black male, running from her house in the direction of Alden Street. Carl Van Buskirk, an occupant of the house across the street, told Officer Surridge that, around the time Ms. Hertel returned, he saw a black male, with a cast on his arm and wearing a red shirt and camouflage pants, walk past his window and run in the direction of Alden Street. Officer Surridge's partner, Isaiah Robbins, Jr., knew that victims of several house breaks in the vicinity had described a suspect as a black male with a cast on his arm driving a beige Chevrolet with a CB antenna. Allen R. Mackler, another

Springfield police officer involved in the investigation at the scene, had more detailed information about the recent house breaks in the neighborhood. He knew that the description of the car involved in the other incidents was a beige Chevrolet with a CB antenna and a red bandana tied to the rearview mirror, thus matching exactly the defendant's car.

The car was the only possible link to the identity of the suspect fleeing from the house that had just been broken into. Contrast *Commonwealth* v. *Moon*, 380 Mass. at 760. Officer Surridge's expectation that ownership of the car could be established through an examination of papers strewn on the front seat and the floor of the car was clearly reasonable. The question remains whether probable cause existed to justify the belief that the car belonged to the person who had been seen leaving the house. While Officer Surridge's personal knowledge may not have risen to the level of probable cause, other officers present at the scene, also engaged in the effort to apprehend the suspect, possessed additional information. Probable cause may be based on the collective knowledge of police officers when they are engaged in a cooperative effort. See *Commonwealth* v. *McDermott*, 347 Mass. 246, 249 (1964); *Commonwealth* v. *Lanoue*, 356 Mass. 337, 340 (1969); *Commonwealth* v. *Chaisson*, 358 Mass. 587, 590 (1971); *Commonwealth* v. *Gullick*, 386 Mass. 278, 283 (1982); *Commonwealth* v. *Corridori*, 11 Mass. App. Ct. 469, 478 n.10 (1981); *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 421-422 (1982); *Commonwealth* v. *Marlborough*, 21 Mass. App. Ct. 944, 945 (1985). Contrast *Commonwealth* v. *Hawkins*, 361 Mass. 384, 386-387 (1972). Together, the three officers who testified had a detailed description of the person fleeing and his clothing, they knew that the victim of the house break thought that person was the same person she had seen parking the car minutes before the house break, and they knew that the car, and an individual fitting the description of the fleeing suspect, were probably involved in other recent burglaries in the area. We think this information was sufficient to support a reasonable inference that the car belonged to the person who had broken into Ms. Hertel's house. The judge's finding of probable cause, therefore, was not erroneous.

The Commonwealth also bears the burden of showing that there were exigent circumstances which rendered it impracticable for the police to have obtained a warrant. See *Commonwealth* v. *Forde*, 367 Mass. 798, 800 (1975). The exigency requirement is generally less rigorously applied to searches of automobiles than buildings because of the inherent mobility of automobiles and the lesser reasonable expectation of privacy in their contents. See *Commonwealth* v. *Ortiz*, 376 Mass. 349, 357 n.7 (1978); *Commonwealth* v. *Cast*, 407 Mass. at 904; *Commonwealth* v. *Myers*, 16 Mass. App. Ct. 554, 559 n.5 (1983). "If . . . an opportunity to obtain a search warrant prior to the seizure of an automobile invalidates its search, the opportunity must be plain and ample." *Commonwealth* v. *Bongarzone*,

390 Mass. 326, 351 (1983), quoting from *United States* v. *Newbourn*, 600 F.2d 452, 457 (4th Cir. 1979).

The police knew it was likely that the individual who broke into Ms. Hertel's home had fled upon her return and knew the police would be in pursuit. The police searched the defendant's car soon after they arrived on the scene, having determined that it was reasonably likely that the search would reveal the identity of the criminal. Compare *Commonwealth* v. *Sergienko*, 399 Mass. 291, 297 (1987); *Commonwealth* v. *Woodman*, 11 Mass. App. Ct. 965, 965-966 (1981). Any delay in determining ownership of the car could have had a detrimental effect on the ability of the police to apprehend the criminal while he could still be linked with his distinctive clothing. The circumstances justifying the search without a warrant were sufficiently exigent, in our view, to meet the constitutional standards.

*Judgments affirmed.*

*Regina Zupan*, Committee for Public Counsel Services, for the defendant.

*Michael J. Hickson*, Assistant District Attorney, for the Commonwealth.