COMMONWEALTH *vs.* SCOTT L. RIVET. No. 90-P-877. June 28, 1991. *Arrest. Search and Seizure*, Arrest. *Constitutional Law*, Search and seizure. *Probable Cause. Evidence*, Hospital record. *Practice, Criminal*, Duplicative convictions.

Scott Rivet was convicted on two counts of motor vehicle homicide while intoxicated, G. L. c. 90, § 24G(*a*), two counts of manslaughter, G. L. c. 265, § 13, and operating under the influence and causing serious bodily

---

[3]G. L. c. 90, § 24K, and 501 Code Mass. Regs. § 2.03 (1987).

injury, G. L. c. 90, § 24L(1).[1] His appeal claims four errors: (1) there was no probable cause to arrest; (2) a blood test reflecting his blood alcohol level should not have been admitted in evidence; (3) certain medical records should not have been admitted; and (4) the motor vehicle homicide indictments should have been dismissed because they are duplicative of the manslaughter charges. We affirm the convictions based on manslaughter and operating under the influence causing serious bodily injury, and we vacate the convictions of motor vehicle homicide.

Rivet's offenses arose from a collision between the pickup truck he was driving and an automobile driven by Jose DosAnjos. Rivet rammed head-on into DosAnjos's vehicle as the vehicle was making a left turn from Route 1 onto Route 120 in North Attleborough. The crash severely injured DosAnjos and killed both his wife and son. The Superior Court judge who heard, and denied, Rivet's motion to suppress statements given by Rivet to police and the results of blood tests found the following facts.[2]

Officers Coyle and Dawes of the North Attleborough police department each had independently concluded that there was probable cause to arrest Rivet for driving while intoxicated. Coyle, who was the first officer to arrive at the scene of the accident, spoke with Rivet for approximately twenty-five minutes. Rivet told him that he had drunk one beer at his grandmother's. Coyle noticed that Rivet's eyes were glassy. Because Rivet seemed to be in pain from injuries to his mouth and left leg, Coyle decided not to subject him to field sobriety tests but did place Rivet under arrest. Officer Dawes arrived sometime after Coyle and noticed that Rivet's eyes were bloodshot, there was blood coming from his mouth and nose, there was a heavy odor of alcohol on his breath, and he had some difficulty speaking, though he was able to complain about the injury to his mouth. Before reaching the accident scene, Dawes had spoken with witnesses who saw Rivet's truck traveling between sixty and seventy miles per hour in a thirty mile per hour zone just before impact. Officer Dawes was with Rivet and Officer Doyle for about ten to fifteen minutes before Doyle arrested Rivet. Based on these observations, Dawes also concluded that there was probable cause to believe Rivet was intoxicated.

1. *Probable cause.* Rivet makes a two-part argument against the judge's determination that the officers had probable cause to arrest: first, that Officer Coyle lacked sufficient information to justify making the arrest; second, that, even if the additional information Officer Dawes possessed constituted probable cause, that knowledge was never shared with Coyle before he arrested Rivet. Neither argument withstands analysis.

---

[1] Convictions of operating a motor vehicle under the influence of alcohol, operating to endanger, G. L. c. 90, §§ 24(1)(a)(1), and 24 (2)(a), were set aside by the trial judge as lesser included offenses of the conviction under G. L. c. 90, § 24L(1). See *Commonwealth* v. *Atencio,* 12 Mass. App. Ct. 747, 752 (1981).

[2] We have supplemented the motion judge's findings slightly with undisputed material from the hearing transcript.

Although probable cause requires more than mere suspicion of an offense, it demands less evidence than that to support a conviction. *Commonwealth* v. *Grammo*, 8 Mass. App. Ct. 447, 450 (1979). Here, Coyle had knowledge of several factors pointing to a probability that alcohol was a factor in the collision. See *Commonwealth* v. *Marley*, 396 Mass. 433, 442 n.11 (1985) (court noted there was ample evidence to support probable cause in its analysis of the evidence sufficient to deny a motion for a required finding of not guilty); *Commonwealth* v. *Hilton*, 398 Mass. 63, 68 (1986). The odor of alcohol on Rivet's breath, his admission to have consumed "only one beer," his glassy eyes, and the extent of the accident itself combined to support an inference of intoxication. *Ibid. Commonwealth* v. *Grammo*, 8 Mass. App. Ct. at 450.

Although the record does not explicitly tell us that Officers Coyle and Dawes exchanged information before the arrest, they jointly participated in the accident investigation. Rivet, relying on *Commonwealth* v. *Gullick*, 386 Mass. 278, 283-284 (1982), suggests that the government has failed to demonstrate that Coyle and Dawes did, indeed, share information. That opinion holds, however, that, because the officers had been engaged in a cooperative effort, probable cause should be evaluated on the basis of collective information. *Id.* at 283. See *Commonwealth* v. *Marlborough*, 21 Mass. App. Ct. 944, 945 (1985). Probable cause to arrest is determined upon an objective view of the facts. *Commonwealth* v. *Miller*, 366 Mass. 387, 389-390 (1974). In *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 421-422 (1982), we held that it was not fatal to establishing probable cause that neither officer traded information because both had worked in concert within arm's length of each other. From such circumstances one may impute one officer's knowledge to another. See also 2 LaFave, Search and Seizure § 3.5(c), at 17-19 (2d ed. 1987). The holding in *Wooden* applies to the circumstances of Rivet's arrest. For at least fifteen minutes prior to the arrest, Dawes was within easy reach of Coyle and Rivet.

2. *Blood test.* Rivet not only consented to a blood test but requested that one be taken.[3] He concedes that a hospital employee took the sample but argues for the first time on appeal that the government failed to prove that the person who drew his blood was "a physician, registered nurse or certified medical technician," as required by G. L. c. 90, § 24(1)(*e*), as amended through St. 1980, c. 383, § 1. At trial, Rivet's counsel made a generalized objection about whether protocols for blood testing prescribed by 501 Code Mass. Regs. § 2.29 (1987) had been fully observed and about the chain of custody of the blood sample. There was no objection based on the status of the person who drew the blood and, thus, the point is lost for review. See *Commonwealth* v. *Lett*, 393 Mass. 141, 144 (1984);

---

[3]The results showed a blood alcohol level of .187 to .192 per cent.

*Commonwealth* v. *Atkinson*, 15 Mass. App. Ct. 200, 205 (1983); *Commonwealth* v. *Moore*, 20 Mass. App. Ct. 1, 6 (1985).[4]

3. *Medical records.* Over Rivet's objection, the trial judge admitted Jose DosAnjos's hospital records obtained from a Rhode Island hospital. What that evidence tended to prove was that DosAnjos had suffered serious injury in the accident; there was other evidence on that score. Rivet argues that the Commonwealth did not show that Rhode Island has a requirement for its hospitals analogous to the demands of G. L. c. 233, § 79. Although a copy of the pertinent Rhode Island statute was not at hand, the judge found that Rhode Island has a comparable hospital records exception to the hearsay rule. The judge's finding was correct. Rhode Island Gen. Laws § 23-17-10 (1989) and its accompanying regulation (R23-17-HOSP, § 25.3) impose requirements similar to G. L. c. 111, § 70, a prerequisite to admissibility under G. L. 233, § 79. See *Commonwealth* v. *Johnson*, 371 Mass. 862, 870-871 (1977).

4. *Duplicative indictments.* The Commonwealth concedes that the motor vehicle homicide and manslaughter convictions are duplicative. See *Commonwealth* v. *Davidson*, 27 Mass. App. Ct. 846, 850 (1989). Therefore, the motor vehicle homicide convictions shall be vacated and the accompanying indictments for motor vehicle homicide shall be dismissed. The remaining judgments are affirmed.

*So ordered.*

*J. Thomas Kerner* for the defendant.

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.

[4]Had Rivet made a specific objection at trial, the individual who took the blood sample could have been better identified. Officer Coyle testified at the motion hearing that a lab technician took the blood sample. Rivet's Consent for Blood Alcohol Test form was witnessed by a hospital phlebotomist.