## COMMONWEALTH vs. STEVEN M. CALLAHAN.

Middlesex. October 9, 1998. - November 5, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Statute,* Construction. *Arrest. Motor Vehicle,* Operating under the influence. *Police,* Special police officer. *Municipal Corporations,* Appointment of special police officer.

Nothing in G. L. c. 41, § 99, authorizing the appointment of special police officers, or G. L. c. 276, § 10A, authorizing arrests by out-of-State police officers in fresh pursuit of suspected felons, prohibits a Massachusetts municipality from requisitioning a police officer from a neighboring town in another State to serve as a special police officer authorized to make arrests within the municipal jurisdiction. [337-338]

COMPLAINT received and sworn to in the Ayer Division of the District Court Department on August 19, 1996.

A motion to suppress evidence was heard by *Tobin N. Harvey,* J., and the case was heard by *Janet L. Sanders,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John M. Dombrowski* for the defendant.

*Lincoln S. Jalelian,* Assistant District Attorney, for the Commonwealth.

MARSHALL, J. We are asked to decide whether Massachusetts cities or towns may requisition an out-of-State police officer to serve as a special police officer pursuant to G. L. c. 41, § 99.[1] We hold that they may.

---

[1]General Laws c. 41, § 99, provides:

"The mayor, selectmen, chief of police, or person however designated having the duties of a chief of police, or, in the absence of the chief of police, or person however designated having the duties of a chief of police, the commanding officer, may upon the request of the mayor, selectmen, chief of police, or person however designated having the duties of a chief of police, or in the absence of the chief of police or person however designated having the duties of a chief of police, the commanding officer of any other city or town, provide police officers, who shall have the authority of constables and police officers within the limits of such city or town, except as to the service of civil

On August 17, 1996, a Hollis, New Hampshire police officer stopped the defendant in Pepperell, after pursuing him across the New Hampshire border. The officer had been appointed a special police officer in Pepperell pursuant to G. L. c. 41, § 99. The defendant was charged in the Ayer Division of the District Court Department with operating a motor vehicle while under the influence of liquor, G. L. c. 90, § 24, and with operating a motor vehicle while drinking alcohol, G. L. c. 90, § 24I, a civil infraction. Prior to trial, the defendant filed a motion to suppress "all evidence taken by the Commonwealth on the night he was stopped and subsequently arrested," claiming that the New Hampshire police officer lacked the authority to stop him. The judge denied the motion to suppress. A single justice of this court denied his application for leave to file an interlocutory appeal.

On December 17, 1996, the defendant was found guilty of operating a motor vehicle while under the influence of alcohol after a jury-waived trial with stipulated evidence. The judge also found the defendant responsible for drinking alcohol while driving. She sentenced the defendant to one year's probation and ordered him to participate in the statutory alcohol education program. The defendant's civil infraction was placed on file. The defendant appealed from the order denying his motion to suppress and from his subsequent conviction. We transferred the case here on our own motion.

The judge found the following facts that the defendant does not challenge. On May 13, 1996, the board of selectmen of Pepperell voted to appoint Officer David Turgeon of the Hollis, New Hampshire police as a special police officer with the Pepperell police department, pursuant to G. L. c. 41, § 99. Officer Turgeon was sworn in as a special police officer one month later. On August 17, 1996, at approximately 10 P.M., while on duty in Hollis, Officer Turgeon saw the defendant in a vehicle traveling at an excessive rate of speed. Officer Turgeon activated the blue emergency lights of his cruiser and followed the defendant. The defendant pulled over to the side of the road only after he had crossed the Massachusetts border into Pepper-

process, and, while exercising such authority within such limits, shall have the same immunities and privileges as when acting within their respective cities and towns; and the city or town providing said officers shall be entitled to receive from such city or town the amount paid to them for their service, including their necessary traveling expenses."

ell. Officer Turgeon approached the defendant's car, spoke with him briefly, and observed his appearance and speech. Officer Turgeon asked the defendant to step out of the car before calling dispatch and requesting that a Pepperell police officer respond to the scene. An officer of the Pepperell police department responded, and subsequently arrested the defendant for operating while under the influence of alcohol after the defendant participated in field sobriety tests.

The defendant suggests several reasons why G. L. c. 41, § 99, does not permit Massachusetts cities and towns to requisition special police officers from other States. First, he argues that criminal statutes must be narrowly construed, noting that the Legislature did not expressly provide for the requisition of out-of-State officers. The argument is meritless. The statute is not criminal, but administrative, regulating who may be appointed a special officer.

Second, the defendant relies on *Commonwealth* v. *Mullen,* 40 Mass. App. Ct. 404 (1996), where the Appeals Court held that a campus police officer, who was specially sworn in as a special State police officer, was found to lack proper authority to stop a motor vehicle for a civil infraction. The case is inapposite. The authorizing statute at issue there did not confer "all the powers of a State police officer" on the campus security officer. *Id.* at 407. In contrast, G. L. c. 41, § 99, is broad, and provides that special police officers "shall have the authority of constables and police officers within the limits of such city or town, except as to the service of civil process."

Third, the defendant points out that G. L. c. 276, § 10A,[2] specifically authorizes arrests by out-of-State police officers who are in fresh pursuit of suspected felons. He reasons that, because New Hampshire police have express authority to make

[2]General Laws c. 276, § 10A, provides:

"Any member of a duly organized state, county or municipal peace unit of another state of the United States the laws of which contain provisions substantially equivalent to the provisions of this and the following section, who enters this commonwealth in fresh pursuit, and continues herein in such fresh pursuit, of a person in order to arrest him on the ground that he has committed a felony in such other state shall have the same authority to arrest and hold in custody such person as members of a duly organized state, county or municipal peace unit of this commonwealth have to arrest and hold in custody a person on the ground that he has committed a felony in this commonwealth. This section shall not be construed so as to make unlawful any arrest in this commonwealth which would otherwise be lawful."

arrests in Massachusetts in those circumstances only, they may make no arrests in circumstances where, as here, the defendant was being pursued for violating a civil infraction, speeding. General Laws c. 276, § 10A, is not the exclusive source for the regulation of interstate police powers, and sheds no light on whether the Legislature intended to exclude out-of-State police officers from the requisitioning authority of G. L. c. 41, § 99. In view of the important public interests served by coordinating police functions between neighboring border towns, we decline to impose a territorial limit on the statute where the Legislature has not done so.

In *Commonwealth* v. *Grise*, 398 Mass. 247, 252-253 n.6 (1986), we stated that, where there was no express legislative grant of authority to police officers acting outside of their jurisdiction, "police departments, where practical, may take the precaution of having their officers sworn in as special officers on the police forces of neighboring cities and towns in order to validate extra-territorial arrests." Pepperell took that precaution when it appointed Officer Turgeon as a special police officer, granting him the authority to make arrests in Pepperell. The Legislature has seen fit to allow Massachusetts municipalities to augment police officers available to them to enforce State laws. There is no reason to limit the class of potential officers by excluding out-of-State officers who may well provide essential police functions to cities and towns that border other States.

The order denying the defendant's motion to suppress is affirmed. The judgment is affirmed.

*So ordered.*