COMMONWEALTH *vs.* JOHN E. NICHOLSON, JR. No. 00-P-1498. December 9, 2002. *Arrest. Police,* Unlawful arrest, Special police officer. *Municipal Corporations,* Appointment of special police officer. *Motor Vehicle,* Operating under the influence.

This is an interlocutory appeal by the Commonwealth from a District Court judge's allowance of the defendant's motion to dismiss. The charge, alleging that the defendant operated a motor vehicle while under the influence of alcohol (OUI), was dismissed on the ground that the police officer made an invalid extraterritorial arrest of the defendant. We vacate the judgment dismissing the criminal complaint.

We summarize the undisputed events leading up to the defendant's arrest. The defendant was first reported by another motorist to be driving erratically in West Bridgewater. Shortly thereafter, Officer Christopher Werner, an on-duty West Bridgewater police officer who responded to the call, located the defendant approximately one-half mile over the border in the adjacent town of East Bridgewater. It was there that Officer Werner observed the defendant's car cross over the marked lanes in the roadway three times. Following those observations, Officer Werner activated his blue lights and pulled over the

defendant's vehicle. Soon after Officer Werner had stopped the defendant, there arrived at the scene Officer Tom Flint, an on-duty East Bridgewater police officer with whom the dispatcher, who is shared by both towns, had been in contact. The officers jointly conducted field sobriety tests, which resulted in the defendant being arrested by Officer Flint for OUI. Officer Flint completed the booking of the defendant at the East Bridgewater police station.

*Discussion.* A police officer lacks authority outside his jurisdiction to stop and investigate the operation of a motor vehicle unless permitted to do so by provision of statute or the common law. See *Commonwealth v. Savage,* 430 Mass. 341, 346 (1999) (Vermont State trooper, who crossed into Massachusetts, had no power, as either an officer or a private citizen, to stop and arrest for OUI a Massachusetts driver traveling from Vermont where the officer was neither in fresh pursuit of the driver nor sworn in as a special officer in the Massachusetts town where the stop and arrest occurred). Here, however, Officer Werner was authorized to stop the defendant outside his jurisdiction because the town of East Bridgewater had previously sworn him in as a special police officer, thus conferring upon him police powers in that town. See G. L. c. 41, § 99, as appearing in St. 1965, c. 382 (permitting a city or town to specially designate police officers from "any other city or town . . . who shall have the authority of . . . police officers within the limits of such city or town . . . and, while exercising such authority within such limits, shall have the same immunities and privileges as when acting within their respective cities and towns"). See also *Commonwealth v. Callahan,* 428 Mass. 335 (1998) (upholding Hollis, New Hampshire, police officer's arrest of defendant in Pepperell, Massachusetts, where Hollis officer had been previously designated a special officer by the town of Pepperell pursuant to G. L. c. 41, § 99). Additionally, the introduction in evidence of Officer Werner's town of East Bridgewater identification card indicating his appointment as a special police officer in that town, combined with the officer's testimony describing his authority in the language of G. L. c. 41, § 99, was sufficient to support a reasonable inference that he was a special officer under the statute.

One of the purposes of G. L. c. 41, § 99, is to validate an otherwise legal arrest by a police officer operating outside his jurisdiction. Absent an express legislative grant of authority to police officers to act outside their jurisdictions, "police departments, where practical, may take the precaution of having their officers sworn in as special officers on the police forces of neighboring cities and towns." *Commonwealth v. Callahan, supra* at 338, quoting from *Commonwealth v. Grise,* 398 Mass. 247, 252-253 n.6 (1986). We do not read § 99 to require, as the defendant suggests, either a fresh pursuit, a specific request for assistance, or a mutual aid agreement between the neighboring jurisdictions before it can be invoked. As our appellate courts have indicated, the prior swearing in of special officers, alone, satisfies the requirements of G. L. c. 41, § 99. See, e.g., *Commonwealth v. Kerr,* 409 Mass. 284, 286-287 (1991) (only two situations in which officer may make a valid extraterritorial arrest absent an arrest warrant: either in fresh pursuit *or* as a specially sworn-in officer under G. L. c. 41, § 99); *Commonwealth v. Andrews,* 34 Mass. App. Ct. 324, 330 (1993) (officer from East Bridgewater, sworn in as special police officer in Whitman, had same authority as a Whitman police officer to make a *Terry* stop of the defendant in Whitman without any specific request from Whitman to investigate).

Because the town of East Bridgewater had previously designated Officer Werner as a special police officer within the meaning of G. L. c. 41, § 99, he had the right to stop the defendant in that town and to participate in both the investigation and arrest of the defendant.

The defendant's passing suggestion that there was some insufficiency in his formal arrest does not rise to the level of adequate appellate argument pursuant to Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and we need not consider it. In any event, there is no merit to the defendant's contention that Officer Flint could not rely on Officer Werner's observations to make the arrest. *Commonwealth* v. *Rivet*, 30 Mass. App. Ct. 973, 975 (1991).

*Order granting motion to dismiss and judgment of dismissal vacated.*

*Christina L. Crowley*, Assistant District Attorney, for the Commonwealth.

*David S. Slutsky (Peter J. Anghinetti* with him) for the defendant.